His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
On August 25th, 1909, the defendant bought for unpaid city taxes of the year 1906 assessed in the name of plaintiff, a lot of ground in the Fifth District of New Orleans designated as part of lot seventeen in square 145, measuring 16 feet front on Elmira Street by 123 feet in depth, and on October 21st, 1910, defendant sued out a writ of seizure and possession.
On October 29th plaintiff took an injunction claiming the nullity of said tax sale on the ground among others that no notice of deliquency was ever served upon him. In this proceeding one Mrs. Grannison Jones intervened *171 claiming a half interest with plaintiff and joining in his demand for the nullity of the tax sale and the perpetuation of the injunction.
Alter various exceptions filed and overruled or referred to the merits defendant answered on April 21st, 1913, setting up the general issue and specially denying that plaintiff was owner of the property in controversy or had .any interest whatsoever therein.
It is contended that the intervention was never put at issue by answer or default, and hence no valid judgment could be rendered herein.' This is a false conclusion. Plaintiff had a right to proceed with this case regardless of the status of the intervention. C. P., 391; Johnson vs. City, 105 La., 149. Moreover, as the intervenor in this case presents no issue which is not already presented by the petition (except that of a half interest in the property with plaintiff, .of which the latter does not complain) the status of the intervention is wholly immaterial for the purposes of this case; the only question involved being whether defendant is entitled to dispossess plaintiff of the property in controversy.
On March 28th, 1914, the matter came up> for trial on the merits. 'Counsel for Barrow, the plaintiff, offered evidence showing his acquisition of an interest in the property in the year 1888 and his possession thereof from that time. And it was further shown affirmatively that no notice of delinquency was ever served upon him or upon anyone having any interest in the property, the fact being that no notice of delinquency wias served upon anyone whomsoever.
Thereupon defendant .offered in evidence a copy of an act of sale from the City of New Orleans to T. J. Kennedy on December 12th, 1901, being a sale of the very property in controversy for the unpaid taxes of 1898.
*172 Opinion and decree, February 14th, 1916.
This being objected to on the ground of irrelevancy, was excluded by the Judge a quo together with other evidence along the same lines, i. e., evidence tending to show an outstanding title in other persons.
The evidence was properly excluded. A writ of seizure and possession sued out by a purchaser at tax sale, intended to oust the party in possession, is clearly a petitory action and plaintiff in such writ must recover upon the strength of his own title and not upon the weakness of that of his adversary.
Johnson vs. Pontchartrain Land Company, 7 Ct. of Ap., 292.
On the other hand the party in possession may point ■out and take advantage of any defect in the title of the party seeking to oust him. Surgi vs. Colmer, 22 An., 20. And in this case plaintiff has shown that the tax sale is a nullity by reason of no notice having been served upon anyone at all.
The judgment appealed from is correct.
Judgment affirmed.